UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STACY BERNARD CROSS, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-08-0910 |
| § | |
| JANET NAPOLITANO, § | |
| Secretary, Department of Homeland § | |
| Security, § | |
| *Defendant*. § | |

## ORDER

This federal employment discrimination case is before the court on defendant Department of Homeland Security's combined motions to dismiss and for summary judgment (Dkt. 26). Oral argument on these motions was held on September 28, 2009. As announced at the close of the hearing, the motion to dismiss is granted, and the motion for summary judgment is granted in part and denied in part.

Plaintiff Stacy Cross, an African-American male, was terminated from his position with the Transportation Security Agency as assistant federal security director of operations (AFSD-O) at Houston Hobby airport on September 30, 2006. In this lawsuit he asserts a variety of claims arising from his employment: (1) wrongful termination in violation of the Whistleblower Protection Act of 1989; (2) hostile work environment based on age, gender, and reprisal in violation of Title

VII;[1] and (3) retaliatory discharge in violation of Title VII.  (Dkt. 1).

First, Cross's Whistleblower Act claim was heard administratively and rejected by the Merit Systems Protection Board.  Judicial review of MSPB rulings on such claims is limited. 5 U.S.C. § 7703(c). Because Cross has not shown that Board's decision was an abuse of discretion, contrary to law, or unsupported by substantial evidence, the government is entitled to summary judgment on this claim.

The government has moved to dismiss the hostile work environment claim for failure to exhaust administrative remedies. *See Brown v. General Services Admin.,* 425 U.S. 820, 832 (1976) ("Initially, the complainant must seek relief in the agency that has allegedly discriminated against him."). This motion is well taken. Although Cross did administratively assert a *race-based* hostile environment claim, he never claimed  a hostile work environment based on age or gender as currently alleged in his Complaint. Thus there is no subject matter jurisdiction over such claims in this court.

`       It is not clear whether, in light of *Burlington Northern & Santa Fe Ry. Co. v.*

---

[1] Plaintiff's Complaint does not contain  stand-alone counts of age or gender discrimination, but does refer to age and gender discrimination as part of the hostile work environment count.  Even were the court to construe the complaint as asserting separate counts of age and gender discrimination, it would not matter, because the plaintiff has now abandoned any such claims. (Dkt. 31, p. 13).

2

*White*,[2] the Fifth Circuit recognizes a claim for retaliatory hostile work environment, that is, harassment or other non-tangible employment action as reprisal for engaging in protected EEO activity. *See Fallon v. Potter,* 277 Fed. Appx. 422 (2008)(declining to reach the issue). Assuming that it would, the court agrees with the government that the allegations of abusive working environment following Cross's EEO complaint are insufficiently severe or pervasive to create a fact issue for a reasonable jury. *See Harris v. Forklift Sys., Inc.* 510 U.S. 17, 21-22 (1993). Summary judgment is appropriate on this claim.

However, with respect to the claim of retaliatory discharge, Cross has managed to generate a genuine issue of material fact. There are three elements to a Title VII retaliation claim: (1) protected activity, (2) materially adverse action by the employer, and (3) a causal link between the two. *Donaldson v. CDB, Inc.,* 2009 U.S. App. LEXIS 15259 (5th Cir. 2009). There is no contest that the first two elements have been satisfied. As for causation, Cross has produced evidence tending to show that the supervisor (Vernon Baker) nominally in charge of Hobby operations at the time Cross was given notice of discharge may have had a retaliatory motive, since he was a target of Cross's EEO complaint three months earlier. The government argues that Baker was not the actual decision-maker in

---

[2] 548 U.S. 53 (2006).

the reduction in force which eliminated Cross's position, but the evidence does not negate the possibility that Baker may have had some influence over the final decision. This disputed fact issue is enough to take this claim to a jury. Summary judgment on the retaliatory discharge claim is therefore not appropriate.

Signed at Houston, Texas on October 5, 2009.

Stephen Wm Smith
United States Magistrate Judge